# UNITED   STATES   DISTRICT   COURT

# SOUTHERN   DISTRICT   OF   GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| KEVIN GOURDINE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No.   CV611-069 |
| | ) | CR610-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

While represented by attorney Wilson R. Smith, Kevin Gourdine

pled guilty to conspiracy to possess with intent to distribute and to

distribute 50 kilograms or more of marihuana in violation of 21 U.S.C. §

846.   CR610-001 doc. 106, 155.[1]   He received a 225-month sentence and

took no appeal.   Doc. 149.   Moving for 28 U.S.C. § 2255 relief, he claims

that he asked Smith to file an appeal, but Smith abandoned him.   Doc.

164 at 17 ¶ 5 ("My family and myself tried numerous times after my

---

1   The Court is citing only to the criminal docket and using its docketing software's
pagination, which may not always line up with each paper-document's pagination.

1

sentencing to try and get Counsel Wilson to come to see me or at least file my notice of appeal."); *see also* doc. 164 at 14; *id.* at 15 ("at the close of sentencing Gourdine instructed counsel to file a notice of appeal[,]" then persisted in requesting appeal, but Wilson failed to comply).

Gourdine says he accepted the government's plea bargain for the above-noted marijuana charge, but the government then effectively breached its deal with him by loading up his sentencing hearing with "cocaine" conduct.   This caused the sentencing judge to bump his U.S. Sentencing Guidelines range from 77-96 to 225-293 months, resulting in his 225-month sentence.   Doc. 164 at 15.   He thus wants (a) the direct appeal to which he was deprived; and (b) specific performance on his plea bargain (*i.e.*, be limited to the 77-96 month range).   The government contends that Gourdine is entitled to no relief because in his plea bargain he waived his direct and collateral appeal rights.   Doc. 171.

## I.   GOVERNING STANDARDS

It is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477

(2000). Indeed, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for appeal." *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995); *Stoner v. United States*, 2011 WL 5221890 at * 8 (E.D. Mo. Nov. 2, 2011); *United States v. Lee-Speight*, 2011 WL 5187296 at * 5 (D. Kan. Nov. 1, 2011).

Can that *Flores-Ortega* right be waived? The Fifth Circuit says no: Counsel must consult with his client and file an appeal if directed, and can be found ineffective if this duty is violated, even where the client has signed both direct and collateral attack waivers. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *accord, United States v. Rivas*, 2011 WL 5840212 at * 4 (5th Cir. Nov. 21, 2011). But the Third Circuit has held that absent a miscarriage of justice, appellate and collateral waivers can bar *Flores-Ortega* claims. *United States v. Mabry*, 536 F.3d 231, 239-44 (3d Cir. 2008) (a defendant bound by appellate and collateral waivers cannot raise a collateral challenge based upon a lawyer's failure to appeal absent a showing that a miscarriage of justice would occur if the waiver

3

were enforced; and there is no miscarriage of justice exception absent a nonfrivolous ground for direct appeal or collateral attack).

The Seventh Circuit reached the same conclusion as *Mabry* in *Nunez v. United States*, 495 F.3d 544 (2007).   *Nunez* was summarily reversed -- but only on grounds that it had read the defendant's waiver of his appellate rights too broadly. 554 U.S. 911 (2008); *post-remand*, 546 F.3d 450, 456 (7th Cir. 2008) (warning that a successful movant could lose the benefit of his plea bargain and thus face a stiffer sentence); *see also Blacksher v. United States*, 2011 WL 5854373 at * 3 (E.D. Mich. Oct. 13, 2011 (collecting circuit-split cases); *see generally* 89 A.L.R.3d 864.

At least for a *direct* appeal, this circuit's law aligns with *Tapp*:   "The reasoning in *Flores-Ortega* applies with equal force where, as here, the defendant has waived many, but not all, of his appellate rights."   *Gomez–Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

Finally, even in full-waiver jurisdictions, a waiver will not "be enforced to bar review of a sentence that exceeds the statutory maximum[,] or where the defendant correctly contends that the indictment clearly does not state an offense[,] or where the factual basis for the plea agreement

4

does not show that the defendant committed an offense." *United States v. Phillips* , 2011 WL 5509155 at * 2 n. 19 (E.D. La. Nov. 10, 2011) (citing *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004)).[2]

## II.  ANALYSIS

If Gourdine is entitled to a direct appeal despite his double waiver, then his § 2255 claims are premature and must be stayed, as it is reasonably probable that a direct appeal would encompass § 2255 issues. *See* 16A FED. PROC., L. ED. § 41:515 (Dec. 2011) ("The 28 U.S.C.A. § 2255 motion is premature when filed during the pendency of a direct appeal, absent extraordinary circumstances.").

The government wants to hold Gourdine to his double-waiver plea bargain.  Doc. 171.  And despite his claimed appeal request, it argues, those waivers require this Court to deny him relief.  *Id.* at 6-10.  In pertinent part the plea agreement states:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant

---

2  Gourdine claims no such exception here.

5

may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 155 at 8.[3]

Gourdine insists his double waiver is not binding because he "did not understand the full significance of the waiver. [He did not realize t]hat

_____

3    Similar waivers have been upheld on appeal. *See, e.g., United States v. Orozco-Picazo*, 391 F. App'x 761, 769 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to conspiracy to distribute cocaine and possession of firearm in furtherance of drug trafficking crime precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines); *Angarita v. United States*, 2010 WL 2872737 at * 2 (S.D. Fla. Jul. 20, 2010) (upholding substantively similar waiver). To that end,

> [a]n appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.

*Warren v. United States*, 2011 WL 5593183 at * 5 (M.D. Ala. Oct. 26, 2011). Some courts apply a "miscarriage of justice" exception. *United States v. Ruiz-Gonzalez*, 427 F. App'x. 22, 25 (1st Cir. 2011) ("However, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a 'miscarriage of justice.'") (quotes and cite omitted); 9 FED. PROC., L. ED. § 22:969 (Dec. 2011) (footnotes omitted) ("An illegal sentence may constitute a miscarriage of justice, so as to support not enforcing the defendant's waiver in a plea agreement of the right to appeal.").

6

he could not appeal even if the court use[d] cocaine or cocaine base as relevant [sentence-enhancing] conduct. . . .   It is evident that Movant did not know the full extent of the appeal waiver."   Doc. 177 at 2.

He also argues that the "225 month sentence is also a clearly upward departure from his plea agreement of a marijuana conspiracy only. Although his statutory maximum is 20 years, under the sentencing guideline for a marijuana only conspiracy of 50 kilograms or more would have resulted in a guideline range of 77 to 96 months.   This was an upward departure of 129 months.   Therefore, the appeal waiver is void under both scenarios."   *Id.* "Last and most important, an appeal waiver does not relieve counsel of the duty to file a notice of appeal on request." *Id.*

The government's arguments here are further detailed in a companion Report and Recommendation issued today in *Simmons v. United States* (Gourdine's co-defendant in this case), bearing the same issues.   There the undersigned noted that the same district judge who sentenced Gourdine and Simmons just granted § 2255 relief in another case involving the same double waiver provision.   *Roberson v. United States,*

7

CR608-012, doc. 415 (S.D. Ga. Nov. 30, 2011), *reported at* 2011 WL 6032962.   Roberson was sentenced above the Sentencing Guidelines range following his guilty plea, but his lawyer filed his direct appeal too late and thus it was lost.   In that sense, then, he is in the same position as Gourdine and Simmons -- at the hands of their counsel, they lost their right to a direct appeal while subject to the same double waiver.

The judge ruled that "[t]he language of the plea agreement . . .   forbids Roberson from collaterally attacking the sentence.   [But] Roberson is not attacking his sentence with his § 2255 motion; he is asserting his right to constitutionally sufficient assistance of counsel post-sentencing " (i.e., on appeal).   *Roberson*, 2011 WL 6032962 at 2.   The judge then applied *Gomez–Diaz*, where the defendant waived "the right to appeal [his] sentence, directly or collaterally, on any ground[,]" 433 F.3d at 790.   That case, he concluded, authorized Roberson to bring his § 2255 motion even if it fell within the waiver's language.   *Roberson*, 2011 WL 6032962 at 3.   Thus, "the language of the plea agreement waiver does not apply to Roberson's § 2255 motion, and even if the waiver were applicable, this circuit's precedent mandates that Roberson be entitled to a collateral

8

attack." *Id.*   Because Roberson's attorney failed to timely file an appeal, Roberson was entitled to a new one.   *Id.* at 3-4.

Here the government does not dispute Gourdine's showing that he asked for, but was denied, his right to appeal.   Instead, it stands on the same waiver just rejected in *Roberson*.   Accordingly, the Court advises that the same result be reached here that was reached in *Roberson*: **GRANT** Gourdine his § 2255 motion to the extent he seeks a direct appeal, in which case his remaining § 2255 claims are not ripe and thus may be renewed post-appeal.   *See* 16A FED. PROC., L. ED. § 41:515 (Dec. 2011) ("The 28 U.S.C.A. § 2255 motion is premature when filed during the pendency of a direct appeal, absent extraordinary circumstances"); *see also Roberson*, 2011 WL 6032962 at 3 (detailing process for facilitating a new-appeal).

**SO REPORTED AND RECOMMENDED** this   5th   day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9